IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00170-RLV
(5:03-CR-00012-RLV-2)

| | |
|---|---|
| ERIC BERNARD SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be DISMISSED, and his alternative claims for relief under 28 U.S.C. § 2241, and pursuant to petitions for writs of *coram nobis* and *audita querela* will be DENIED.

**I. BACKGROUND**

On May 10, 2004, Petitioner was convicted by a jury of one count of conspiracy with intent to distribute, and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Three).[1] On February 3, 2005, the Court entered judgment sentencing Petitioner to life imprisonment for conviction on Count One and a concurrent term of 360-months for conviction on Count Three. (Doc. No. 279: Judgment in a Criminal Case at 1-2).

---

[1] Following indictment, the Government filed an Amended Information pursuant to 21 U.S.C. § 851 notifying Petitioner of its intention to seek enhanced penalties based on seven (7) previous drug convictions that were sustained in 1996 and 1997 in North Carolina . (Doc. No. 221).

1

Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit raising challenges to both his convictions and his sentence. The Court rejected Petitioner's arguments and affirmed his criminal judgment in a published opinion filed June 13, 2006. United States v. Smith, 451 F.3d 209 (4th Cir. 2006). (Doc. No. 306). Petitioner next filed a petition for a writ of certiorari with the Supreme Court of the United States which was denied. Smith v. United States, 549 U.S. 892 (2006).

On October 15, 2007, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. After concluding that Petitioner's allegations of ineffective assistance of counsel were not supported by the record, the Court granted the Government's motion for summary judgment. (5:07-CV-115, Doc. No. 11). Petitioner did not appeal this Order.

On November 9, 2012, Petitioner, through counsel, filed the present, and second, motion under Section 2255 contending that his prior state drug convictions, which were noticed by the Government under Section 851, no longer qualify as predicate felonies to support his sentencing enhancement based on, among other cases, the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (5:12-CV-00170, Doc. No. 1 at 1-3).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA provides for a limitation on a petitioner's ability to seek relief through a second or successive Section 2255 motion. The statute provides as follows:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner has already filed an unsuccessful Section 2255 motion attacking his conviction and sentence and Petitioner has provided no evidence that he has secured the necessary authorization to file a second, or successive Section 2255 motion. The Court is therefore without jurisdiction to rule on the claims in Petitioner's present § 2255 motion which attacks the same criminal judgment. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner has pled alternative claims for relief through a motion under 28 U.S.C. § 2241, and through petitions for a writ of *coram nobis* and *audita querela*. First, relief pursuant to a petition for a writ of *coram nobis* should be limited to petitioners that are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996). Petitioner is serving a life sentence. Second, relief under a theory of *coram nobis* is an "'extraordinary' remedy that is relied upon to correct errors of the most fundamental character that rendered the

underlying proceeding invalid when no other alternative remedy is available." United States v. Akinsade, 686 F.3d 248, 260 (4th Cir. 2012) (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)). Last, "the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." United States v. Sessoms, 2012 U.S. App. LEXIS 23639, at *2-3 (4th Cir. filed Nov. 15, 2012) (quoting Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)). Petitioner's application for a writ for *coram nobis* will be denied.

Next the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)); United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255). Petitioner does not appear unable to apply to the Fourth Circuit for authorization to file a successive Section 2255 motion. Accordingly, the Court finds that Section 2255 presents an adequate opportunity to challenge the legality of his sentence.

Petitioner has also filed for relief under 28 U.S.C. § 2241. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has

4

concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34.

In the present case, Petitioner does not challenge the legality of his conviction, rather he challenges his sentence of life imprisonment based on prior state drug convictions which he contends are no longer properly considered for sentencing enhancement. As Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. As the has Court observed, Petitioner may apply for authorization from the Fourth Circuit to file a successive motion under Section 2255 to challenge his sentence. See 28 U.S.C. § 2244(a). Accordingly, Section 2255 presents an adequate avenue to present a challenge to his sentence in the event the Fourth Circuit grants approval to file a successive § 2255 motion. For these reasons, Petitioner's Section 2241 motion will be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 2).

2. Petitioner's motion for relief pursuant to 28 U.S.C. § 2241 is **DENIED**.

3. Petitioner's petitions for writs of *coram nobis* and *audita querela* are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

5

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 31, 2013

Richard L. Voorhees
United States District Judge